RIBELIN *v.* HOLDER.

Opinion delivered January 1, 1917.

1. TRIAL—FILING DEMURRER—DISCRETION OF COURT.—Where the issues in a cause pending in chancery have been made up for more than a year, it is not improper for the chancellor to refuse to permit the defendant to file a general demurrer on the eve of the trial.

2. APPEAL AND ERROR—FINDINGS OF CHANCELLOR.—Where the decree of the chancellor is not against the preponderance of the evidence, it will not be disturbed on appeal.

Appeal from Logan Chancery Court, Southern District; *W. A. Falconer*, Chancellor; affirmed.

*John P. Roberts*, for appellant.

1. The decree of the chancellor is clearly against the preponderance of the evidence and should be set aside. 92 Ark. 359; 93 *Id.* 283; 94 *Id.* 301; 98 *Id.* 189; 107 *Id.* 372; 83 *Id.* 340.

2. The chancellor abused his discretion in refusing a continuance.

*J. H. Evans*, for appellees.

1. The continuance was properly refused. No abuse of discretion is shown. Appellant had new counsel and all his witnesses were present. No injury resulted and no good purpose could have been served by further postponement. The issues had been made up for a year and leave to file a demurrer was properly refused.

2. The testimony was all oral. While the findings are persuasive only, in chancery cases, yet this court will not set them aside unless clearly against the preponderance of the legal evidence. The findings of the chancellor are amply sustained by the testimony. The inference is that if Ribelin had produced his books they would have shown that the indebtedness due by McCormack had been paid.

HUMPHREYS, J. On the 5th day of May, 1912, one of the defendants, C. N. McCormack, being indebted to the appellant, S. A. Ribelin, in the sum of $389.41, executed a chattel mortgage on certain machinery used in a gin and other personal property, to secure said

indebtedness and to further secure the payment of $100 which the said S. A. Ribelin had paid the Bank of Belleville for him and to further secure any other indebtedness which the said C. N. McCormack might owe the said S. A. Ribelin on the 20th day of October, 1912. Nearly two years thereafter, C. N. McCormack executed a chattel mortgage on a large part of the same property to J. J. Hall, B. Nixon, C. M. Gilliam and A. A. Holder, to secure an indebtedness due them for $360.32, subject to the mortgage in favor of S. A. Ribelin for $339, reciting that the mortgage was given to S. A. Ribelin in the spring of 1912.

In the summer or fall of 1914, C. N. McCormack sold the major portion of said property so mortgaged, as well as other property, to S. A. Ribelin, in satisfaction of all indebtedness due Ribelin by McCormack, and Ribelin made disposition of said property.

During the years 1912, 1913 and 1914, Ribelin advanced bagging and ties, groceries, etc., to McCormack, who was in the ginning business, and collected from McCormack's customers most of the money charged for ginning. He collected about $2,100. This suit was brought by A. A. Holder, C. N. Gilliam and B. Nixon against C. M. McCormack, S. A. Ribelin and J. J. Hall in the Southern District of the Logan chancery court, seeking a return of the mortgaged property from appellant and praying that said property be sold to satisfy the amount rightfully due appellant and that the balance be applied to the payment of the debt due from McCormack to appellees. Hall was made a party defendant because he would not unite with the other parties as a party plaintiff. An answer was filed to the complaint denying all the material allegations therein and alleging that the mortgaged property was turned over by the mortgagor, McCormack, to the appellant to satisfy the indebtedness due him and that the property so taken was of less value than his claim.

The complaint was filed on the 12th day of January, 1915. The answer was filed on Feb. 2, 1915. The

cause was continued from time to time on the application of appellant until the 7th day of February, 1916. The last continuance was had in September, 1915, at which time the cause was set for trial on the first day of February, 1916, term of said court, at 9 o'clock A. M. On that day neither the appellant nor his attorneys appeared and the cause was passed until 9 o'clock A. M., the following day. Judge Priddy, one of the attorneys for appellant, had been elected to the circuit bench and Mr. Chambers, his partner, telephoned that he was engaged in the trial of a cause in the probate court at Danville. Appellant then employed Jno. P. Roberts to represent him. The cause was passed until 2 o'clock in the afternoon, at which time a continuance was asked for the reason that Jno. P. Roberts had just been employed and was not familiar with the case. The motion for continuance was overruled and appellant excepted. He then asked permission to file a general demurrer to the complaint. The court denied the request and appellant excepted. The cause proceeded to trial on oral evidence. The chancellor found that at the time appellant took the property mortgaged to appellees, C. N. McCormack did not owe appellant anything that was secured by the mortgage given by McCormack to Ribelin on the 25th day of May, 1912, and due October 20, 1912; he also found that the property in question exceeded in value the amount due by McCormack to appellees. He gave judgment against appellant for the amount due appellees by McCormack and ordered appellees to surrender to appellant all securities which they held from the defendant McCormack, and ordered that execution issue on said judgment. Appellant excepted. He obtained time to file his bill of exceptions, which was done, and this cause is here on appeal.

Appellant contends that the chancellor abused his discretion in denying the continuance and in refusing to permit him to file a demurrer. He also contends that the judgment rendered by the chancellor

is contrary to a preponderance of the evidence or is not supported by a preponderance of the evidence.

There is no showing that appellant lost any of his rights on account of the court forcing him to trial. His son, who attended to all his business, was present with all of his witnesses. He was ably represented by counsel. We can not see any abuse of discretion by the chancellor in refusing the continuance.

(1) The issues were made up more than a year before the trial and it was not an abuse of the chancellor's discretion to refuse to permit appellant to file a general demurrer on the eve of the trial.

We have read the evidence carefully to see whether the findings of the chancellor were contrary to a preponderance of the evidence. Appellant kept an account between himself and C. N. McCormack covering the whole period of time and contented himself on the trial with memoranda instead of producing his books. The memoranda from which he testified, touched only one side of the account. He could not give the total amount of credits nor the dates thereof to which C. N. McCormack was entitled. He had been notified by counsel for appellees to bring his books and his only excuse for not doing so was inconvenience. C. N. McCormack did not keep an account and testified that when they had settlements the account and old notes were taken into consideration and that he would execute a new note for any balance that he might owe appellant.

(2) Appellant received more than $2,100 in cash on his claim, and the burden was placed upon him by all the circumstances of this case to show the items of debit and credit in the account he kept between C. N McCormack and himself. In the case of *Goerke* v. *Rodgers*, 75 Ark. 72, it was said that the findings of chancellors are persuasive. In the case of *Johnson* v. *Elder*, 92 Ark. 35, the court said: "Where the chancellor's finding is not clearly against the preponderance of the evidence, it must be sustained." The decree of the chancellor in this cause is not against the preponderance of the evidence and is in all things affirmed.